IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


STEVEN BURGESS,

             Plaintiff,

vs.                            Case No. 11-4182-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

             Defendant.


MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security finding that plaintiff was disabled as of July 15, 2009, but denying the plaintiff disability insurance benefits and supplemental security income payments prior to that date.  The matter has been fully briefed by the parties.

**I.  General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984

(10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

     The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in

substantial gainful activity (SGA).  The claimant's physical or
mental impairment or impairments must be of such severity that
they are not only unable to perform their previous work but
cannot, considering their age, education, and work experience,
engage in any other kind of substantial gainful work which
exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential
evaluation process to determine disability.  If at any step a
finding of disability or non-disability can be made, the
Commissioner will not review the claim further.  At step one,
the agency will find non-disability unless the claimant can show
that he or she is not working at a "substantial gainful
activity."  At step two, the agency will find non-disability
unless the claimant shows that he or she has a "severe
impairment," which is defined as any "impairment or combination
of impairments which significantly limits [the claimant's]
physical or mental ability to do basic work activities."  At
step three, the agency determines whether the impairment which
enabled the claimant to survive step two is on the list of
impairments presumed severe enough to render one disabled.  If
the claimant's impairment does not meet or equal a listed
impairment, the inquiry proceeds to step four, at which the
agency assesses whether the claimant can do his or her previous
work; unless the claimant shows that he or she cannot perform

their previous work, they are determined not to be disabled.   If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).   At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).   The Commissioner meets this burden if the decision is supported by substantial evidence.  Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II.  History of case

On June 9, 2010, administrative law judge (ALJ) Guy E. Taylor issued his decision (R. at 13-24).  Plaintiff alleges that he has been disabled since August 21, 2008 (R. at 13).

Plaintiff is insured for disability insurance benefits through December 31, 2012 (R. at 16).  At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since plaintiff's alleged onset date (R. at 16).  At step two, the ALJ found that plaintiff had the following severe impairments: borderline intellectual functioning; degenerative disc disease, lumbar spine; major depressive disorder; anxiety disorder; and Alzheimer's disease (R. at 16).  At step three, the ALJ determined that plaintiff's impairments met listed impairment 12.02(C)(2)[organic mental disorders] as of July 15, 2009 (R. at 18).  Prior to July 15, 2009, plaintiff did not have impairments that met or equaled a listed impairment (R. at 19).  After determining plaintiff's RFC prior to July 15, 2009 (R. at 20), the ALJ determined at step four that plaintiff is unable to perform any past relevant work (R. at 22).  At step five, the ALJ determined that plaintiff, prior to July 15, 2009, could perform other jobs that exist in significant numbers in the national economy (R. at 22-23)  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 23).

**III.  Did the ALJ err by failing to call a medical expert in order to determine the onset date of disability?**

On July 15, 2009, Dr. Swerdlow, a professor of neurology at KU Medical Center, performed a consultative examination on the plaintiff (R. at 393-396).  His report included the following:

In formulation, this is a 54-year old right-handed man with approximately four years of insidious, chronic, and progressive cognitive decline that appears to affect occupational and social functioning.  His exam reveals a potential problem with retention memory, as well as lesser weaknesses of the executive function, language function, and praxis.  His exam is potentially consisting with a pattern of primarily  bilateral mesiotemporal dysfunction, which raises the possibility that he has a neurodegenerative disorder such as Alzheimer's disease.  The differential diagnosis includes other potential causes of poor cognitive performance, such as depression, trauma, stroke, inflammation, and other degenerative causes of cognitive decline.

(R. at 395).

In setting an onset date of July 15, 2009, the ALJ stated the following:

The claimant was not diagnosed with early Alzheimer's disease until July 15, 2009, which the undersigned accordingly finds to be a significant demarcation point in his progressive cognitive decline.

(R. at 19).  Later in his decision, the ALJ stated:

The undersigned finds no reason why he would have been unable to perform unskilled, repetitive tasks prior to July 15, 2009, and the establishment of his disability as of July 15, 2009 in fact is intended to give him the benefit of the doubt.

(R. at 21-22).

Social Security Ruling (SSR) 83-20 sets forth the policy and describes the relevant evidence to be considered when

establishing the onset date of disability.  1983 WL 31249 at *1.

Once published, Social Security Rulings are binding on all

components of the Social Security Administration.  20 C.F.R. §

402.35(b)(1).  Factors relevant to the determination of

disability onset include the individual's allegations as to when

the disability began, the work history, and the medical

evidence.  SSR 83-20, 1983 WL 31249 at *1; Reid v. Chater, 71

F.3d 372, 373-374 (10th Cir. 1995).  These factors are often

evaluated together to arrive at the onset date.  However, the

individual's allegation or the date of work stoppage is

significant in determining onset only if it is consistent with

the severity of the condition(s) shown by the medical evidence.

SSR 83-20, 1983 WL 31249 at *1.  In determining the date of

onset of disability, the date alleged by the individual should

be used if it is consistent with all the evidence available.

1983 WL 31249 at *3.

With slowly progressing impairments, it is sometimes

impossible to obtain medical evidence establishing the precise

date an impairment became disabling.  Determining the proper

onset date can be particularly difficult when adequate medical

records are not available.  In such cases, it will be necessary

to infer the onset date.  1983 WL 31249 at *2.  In some cases,

it may be possible, based on the medical evidence to reasonably

infer that the onset of a disabling impairment occurred some

time prior to the date of the first recorded medical examination.  1983 WL 31249 at *3.  Ruling 83-20 thus recognizes that it sometimes may be necessary to infer the onset date.  The ALJ then should call on the services of a medical advisor at the hearing.  A medical advisor need be called only if the medical evidence of onset is ambiguous.  Reid, 71 F.3d at 374.  If the medical evidence is ambiguous and a retroactive inference is necessary, SSR 83-20 requires the ALJ to call upon the services of a medical advisor to insure that the determination of onset is based upon a legitimate medical basis.  Blea v. Barnhart, 466 F.3d 903, 911 (10th Cir. 2006);  Grebenick v. Chater, 121 F.3d 1193, 1200-1201 (8th Cir. 1997).

The onset date should be set on the date when it is most reasonable to conclude from the evidence that the impairment was sufficiently severe to prevent the individual from engaging in substantial gainful activity for a continuous period of at least 12 months or result in death.  Convincing rationale must be given for the date selected.  SSR 83-20, 1983 WL 31249 at *3.

Where medical evidence of onset is ambiguous, an ALJ is obligated to call upon the services of a medical advisor.  In the absence of clear evidence documenting the progression of the claimant's condition, the ALJ does not have the discretion to forgo consultation with a medical advisor.  Blea, 466 F.3d at 911-912.  It is plaintiff's position that the onset date is

ambiguous, and that the ALJ failed to comply with SSR 83-20 by calling a medical expert to infer an onset date.

On October 16, 2008, Dr. Kumar of Lawrence Neurology Specialists performed a consultative examination on the plaintiff (R. at 290-292).  His findings were as follows:

> Significant short-term memory loss by
> history that has affected his ability to
> hold jobs.  Currently he is unemployed.  He
> has a history of significant head injuries
> in the past with one injury that put him in
> a coma for 3 months in 1972.  Memory
> problems were noted then and have progressed
> over the years.  It is likely that he
> suffered significant traumatic brain injury
> and has cognitive loss due to it.  He also
> has significant mood disorder that can
> affect his memory.  He has been on treatment
> for depression for the last 6 months with
> improvement in mood but memory continues to
> worsen…He wanted to know whether he has
> Alzheimer's dementia.  I told him that it is
> unlikely given his age but possible.
> Frontotemporal dementias are another
> concern.  He clearly needs further workup.

(R. at 292, emphasis added).  Dr. Kumar referred plaintiff to the memory clinic at KU Medical Center (R. at 292).  The findings from the Alzheimer and Memory Clinic at KU Medical Center on July 15, 2009 are set forth above.

SSR 83-20 states that the ALJ must give a "convincing rationale" for the onset date.  The established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record.  1983 WL 31249 at *3.  Dr. Kumar's opinion on October 16, 2008 that plaintiff has

significant short-term memory loss that has affected his ability to hold jobs establishes a clear ambiguity in the medical evidence regarding the onset date.  However, the ALJ never even mentioned this opinion by Dr. Kumar.[1]  In light of this evidence, and the ALJ's failure to consider it, the court finds that the ALJ did not provide a convincing rationale to support his finding that the onset date of disability was July 15, 2009, the date that Alzheimer's disease was diagnosed.  The critical date is the onset of disability, not the date of diagnosis.  Swanson v. Secretary of Health and Human Services, 763 F.2d 1061, 1065 (9th Cir. 1985); Dye v. Bowen, Case No. 86-1301-C, 1989 WL 159379 at *4 (D. Kan. Dec. 11, 1989).  The date of diagnosis and the date of a disability's onset need not be the same, particularly when the evidence directly supports an inference regarding an earlier onset date.  Dye, 1989 WL 159379 at *4.

Because the medical evidence of the onset of plaintiff's disability is ambiguous, this case shall be remanded in order for the ALJ to consider the report and opinions of Dr. Kumar. The ALJ shall also follow the provisions of SSR 83-20 and call a

---

[1] An ALJ must evaluate every medical opinion in the record.  Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004).  This rule was recently described as a "well-known and overarching requirement."  Martinez v. Astrue, 2011 WL 1549517 at *4 (10th Cir. Apr. 26, 2011).  Even on issues reserved to the Commissioner, including plaintiff's RFC and the ultimate issue of disability, opinions from any medical source must be carefully considered and must never be ignored.  Social Security Ruling (SSR) 96-5p, 1996 WL 374183 at *2-3.  The ALJ "will" evaluate every medical opinion that they receive, and will consider a number of factors in deciding the weight to give to any medical opinion.  20 C.F.R. §§ 404.1527(c), 416.927(c).  It is clear legal error to ignore a medical opinion.  Victory v. Barnhart, 121 Fed. Appx. 819, 825 (10th Cir. Feb. 4, 2005).  Although plaintiff did not make this specific objection, both plaintiff and defendant referred to Dr. Kumar's findings in their briefs (Doc. 11 at 6, 11; Doc. 17 at 4, 5, 14).  The findings of Dr. Kumar are clearly relevant to the issue raised by the plaintiff of whether the medical evidence of onset is ambiguous and whether plaintiff should call a medical advisor.

medical advisor unless the ALJ, after considering the opinions of Dr. Kumar and the other evidence, can ascertain an onset date that has a legitimate medical basis.  SSR 83-20, 1983 WL 31249 at *3.

## IV.  Did the ALJ err in evaluating the credibility of the testimony of plaintiff's wife?

The court will not discuss this issue in detail because it may be affected by the ALJ's resolution of the case on remand after considering the medical opinions of Dr. Kumar and, if necessary, obtaining the services of a medical advisor pursuant to SSR 83-20.  See Robinson v. Barnhart, 366 F.3d 1078, 1085 (10th Cir. 2004).

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 28th day of November, 2012, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge